**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TABITHA HENDRIX,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 1:24-cv-00558-RP** |
| **LINCOLN NATIONAL LIFE** | § | |
| **INSURANCE COMPANY,** | § | |
| **Defendant.** | § | |

**JOINT RULE 26(f) CASE MANAGEMENT REPORT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The parties file this Joint Rule 26(f) Case Management Report. Counsel for the Plaintiff and counsel for the Defendant conferred and would advise the Court as follows:

1. **A brief description of the nature of the case and the claims and defenses**;

   This is an ERISA, Long Term Disability case. Plaintiff filed suit seeking to recover long term disability benefits that she claims are due under the terms of an employee welfare benefit plan (the "Plan") sponsored by her employer and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.* Benefits under the Plan are funded by a group long term disability insurance policy issued by Lincoln National Life Insurance Company ("Lincoln"). Plaintiff alleges she is disabled and was wrongfully denied benefits under an ERISA employee benefit plan. Defendant alleges Plaintiff does not meet the definition of "Total Disability" and is not entitled to benefits under the Plan.

2. **The identity of any related proceedings;**

   None.

3. **A proposed deadline by which to file motions for leave to join other parties;**

   There are no other parties or potential parties in this case. The Court signed an ERISA Scheduling Order (document 9) on October 21, 2024, identifying November 4, 2024, as the date for joining additional parties.

**4. A proposed deadline by which to amend pleadings;**

The Court signed an ERISA Scheduling Order (document 9) on October 21, 2024, identifying November 4, 2024, as the date for amending pleadings.

**5. A proposed deadline by which to file various types of motions, including dispositive motions; (The Court prefers the deadline for dispositive motions to be 120 days before trial.)**

The Court signed an ERISA Scheduling Order (document 9) on October 21, 2024, identifying May 15, 2025, as the dispositive motion deadline.

**6. A proposed deadline for initial designation of experts;**

None. This case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis that this is "an action for review on an administrative record." Fed.R.Civ.P. 26(a)(1)(B)(i).

**7. A proposed deadline for responsive designations of experts;**

None. This case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis that this is "an action for review on an administrative record." Fed.R.Civ.P. 26(a)(1)(B)(i).

**8. A proposed deadline for objections to experts (i.e., *Daubert* and similar motions);**

None. This case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis that this is "an action for review on an administrative record." Fed.R.Civ.P. 26(a)(1)(B)(i).

**9. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to particular issues;**

None. This case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis that this is "an action for review on an administrative record." Fed.R.Civ.P. 26(a)(1)(B)(i).

**10. Any changes which should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, and any other limitations which should be imposed;**

None.

**11. A proposed trial date as well as an estimated number of days required for trial, and whether a jury has been properly demanded; (The Court operates a three-week docket beginning the first Monday of each month, therefore the parties should propose a trial date accordingly.)**

This case is not eligible for a jury trial. No jury has been demanded. The Court signed an ERISA Scheduling Order (document 9) on October 21, 2024, identifying the week of October 14, 2025, for a bench trial. Should this case proceed to a bench trial, the parties estimate it will take 3 hours to present arguments.

**12. A proposed date for further settlement negotiations;**

Plaintiff and Defendant are currently engaged in settlement negotiations.

**13. Objections to Fed. R. Civ. P. 26(a)( 1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form, or requirements for disclosure under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(l) were made or will be made;**

None. This case is excluded from the initial disclosure requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure on the basis that this is "an action for review on an administrative record." Fed.R.Civ.P. 26(a)(1)(B)(i).

**14. Whether the parties will consent to trial (jury or non-jury) before a U.S. Magistrate Judge (consent attached);**

The parties do not consent to a Magistrate Judge.

**15. Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when alternative dispute resolution would be most effective *(e.g.*, before discovery, after limited discovery, after motions are filed, etc.);**

The parties believe mediation may be appropriate, but only after they have tried, and failed to resolve this dispute with informal discussions between counsel. Should the parties mediate, it would be most effective as a final attempt to close any gap after informal discussions. The parties will agree on a mediator and, if necessary, mediate by May 15, 2025.

**16. Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial; and**

The parties will cooperate to produce an agreed, administrative record in accordance with the schedule set forth in the ERISA Scheduling Order (document 9) signed by the Court on October 21, 2024.

**17. Any other matters relevant to this case.**

None.

Respectfully submitted,

**BEMIS, ROACH & REED**
4100 Duval Road
Building 1, Suite 200
Austin, Texas 78759
(512) 454-4000
(512) 453-6335 (facsimile)
greg@brrlaw.com

By: /s/ *Greg Reed*
**Greg Reed**
Texas Bar No. 16967600

*For Plaintiff*

By: /s/ *Iwana Rademaekers*
**Iwana Rademaekers**
State Bar No. 16452560
iwana@rademaekerslaw.com

LAW OFFICES OF IWANA RADEMAEKERS, P.C. 17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

ATTORNEYS FOR DEFENDANT LINCOLN NATIONAL LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all parties who have appeared and registered with CM/ECF.

*/s/ Greg Reed*
Greg Reed

*ATTORNEY FOR PLAINTIFF*